UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN FLURY,

          Plaintiff,

                                      Case No. 20-CV-10742

vs.

                                      HON. GEORGE CARAM STEEH
                                      MAG. JUDGE CURTIS IVY, JR.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (ECF No. 12), DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 10) AND GRANTING
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11)</u>

      Plaintiff Robin Flury challenges defendant Commissioner of Social

Security's denial of her application for child's insurance benefits and

disability insurance benefits under the Social Security Act.  Before the court

are cross motions for summary judgment, which were referred to the

magistrate judge for a report and recommendation.  On March 22, 2021,

Magistrate Judge Ivy issued a report and recommendation ("R&R) (ECF

No. 12) recommending that defendant's motion for summary judgment

(ECF No. 11) be granted, plaintiff's motion for summary judgment (ECF No.

10) be denied, and the Commissioner's decision be affirmed.  The court

has reviewed the file, record, and magistrate judge's R&R.  Plaintiff filed

timely objections to the R&R (ECF No. 13) and defendant filed a response

to plaintiff's objections (ECF No. 14).  For the reasons set forth below, the

court accepts and adopts the magistrate judge's R&R.

STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those

portions of a report or specified proposed findings or recommendations to

which objection is made."  28 U.S.C. § 636(b)(1).  "A judge of the court may

accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate."  *Id*. A district court may affirm,

modify, or reverse the Commissioner's decision, with or without remand.

*See* 42 U.S.C.  § 405(g).  Findings of fact by the Commissioner are

conclusive if supported by substantial evidence.  *Id.*  The court must affirm

the decision if it is "based on [an appropriate] legal standard and is

supported by substantial evidence in the record as a whole."  *Studaway v.*

*Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir.

1987).  Substantial evidence is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

I.      Objection No. 1

Plaintiff was determined to be disabled from July 9, 2008 through

January 5, 2011 as a result of injuries she sustained following an

automobile accident on July 9, 2008.  Plaintiff contends that the medical

evidence does not support the magistrate judge's finding of significant

improvement by January 5, 2011.  However, the R&R outlines the evidence

supporting the finding of medical improvement at pages 25 to 30 (ECF No.

12, PageID.1413-1418).  While plaintiff states that she disputes the

magistrate judge's conclusion, "[s]uch bare disagreement with the

conclusions reached by the Magistrate Judge, without any effort to identify

any specific errors in the Magistrate Judge's analysis that, if corrected,

might warrant a different outcome, is tantamount to an outright failure to

lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-

14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016).

The evidence and argument that form plaintiff's objection were

previously presented to and rejected by the magistrate judge.    The court

overrules plaintiff's first objection.

II.     Objection No. 2

Plaintiff was involved in a second car accident in July 2014.  The

R&R concludes that the injuries plaintiff suffered in the second accident were not relevant to the determination that plaintiff ceased to be disabled on January 5, 2011.  A break in the continuity of disability requires establishing a new period of disability.  In other words, once an ALJ determines that a claimant ceases to be disabled as of a certain date, if a new impairment later disables the claimant, a new period of disability must be established.  *See* Program Operations Manual System (POMS) DI 28005.210(C); *Sullivan v. Astrue*, No. 12-31, 2012 WL 5361039, at *3 (E.D. Ky. Oct. 30, 2012).

For medical evidence from plaintiff's second accident to be relevant, it must relate back to her condition prior to the expiration of her date last insured.  *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003).  In this case, the injuries plaintiff suffered in the July 2014 car accident did not exist until July 2014.  They have nothing to do with whether she was disabled prior to her date last insured, which was June 30, 2010.  The court overrules plaintiff's second objection.

CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's R&R (ECF No. 12).

IT IS FURTHER ORDERED that the Commissioner's motion for

summary judgment (ECF No. 11) is GRANTED, plaintiff's motion for

summary judgment (ECF No. 10) is DENIED, and plaintiff's objections

(ECF No. 13) are OVERRULED.

Dated:  April 6, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 6, 2021, by electronic and/or ordinary mail.

s/Leanne Hosking
Deputy Clerk